# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JOHN BOYD MORROW,** : | |
| : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION NO. 3:CV-13-0309** |
| **v.** : | |
| : | **(Judge Mannion)** |
| **MIKE HULL, et al.,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM[1]

John Boyd Morrow ("Morrow"), an inmate confined in the Franklin County Jail, Chambersburg, Pennsylvania, filed this pro se civil rights action pursuant to 42 U.S.C. §1983. He names as Defendants, Applegate Insulation, Inc., the owner of Applegate Insulation, Inc., Applegate Head Supervisor John Powilson, and Applegate Supervisor Mike Hull. (Doc. No. 1, complaint).

Plaintiff claims that on August 13, 2012, he was interviewed by Mike Hull for work release employment. (Id.). Although Morrow thought "the interview went good" and that he "had half a chance of maybe getting the job", when he "came

---

1. For the convenience of the reader of this document in electronic format, hyperlinks to the court's record and to authority cited have been inserted. No endorsement of any provider of electronic resources is intended by the court's practice of using hyperlinks.

back to the jail and awaited word", he was later told by other work release employees housed at the Franklin County Prison "that [he] was not hired by Mike Hull because [he] is a sex offender." (Id.). Plaintiff claims that another work release inmate, Andrew Shotzer, is responsible for "tell[ing] Mike Hull the charges of people and whom to hire to work there." (Id.).

Plaintiff states that on November 6, 2012, he and other inmates were brought to Applegate Insulation, Inc. for another interview. (Id.). He claims that Mike Hull interviewed everyone except for him, and when he got to Plaintiff he said "we both know [you're] not getting the job and we know why." (Id.).

On February 7, 2013, Morrow filed the instant action, in which he claims that he will "never be able to get a job due to discrimination of people like Applegate employers and the Applegate Company." (Id.). For relief, Plaintiff seeks compensatory and punitive damages. (Id.). Additionally, Morrow seeks to have an apology from the owner of Applegate, as well as have Mike Hull and John Powilson fired "so this never happens to anyone else." (Id.).

Subsequent to the filing of his complaint, Morrow submitted an application to proceed in forma pauperis under 28 U.S.C. §1915. (Doc. No. 5). A court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner

2

actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §1915(e)(2) (in forma pauperis actions); 28 U.S.C. §1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. §1997e (prisoner actions brought with respect to prison conditions). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir.2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted). The Court has conducted an initial screening of Plaintiff's complaint, and for the reasons set forth below, Plaintiff's motion to proceed in forma pauperis will be granted for the sole purpose of filing the instant action, and the Plaintiff's complaint will be dismissed as frivolous.

**Discussion**

To state a claim under section 1983, a plaintiff must meet two threshold requirements. He must allege: 1) that the alleged misconduct was committed by

3

a person acting under color of state law; and 2) that as a result, he was deprived of rights, privileges, or immunities secured by the Constitution or laws of the United States. West v. Atkins, 487 U.S. 42 (1988); Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled in part on other grounds, Daniels v. Williams, 474 U.S. 327, 330-331 (1986). If a defendant fails to act under color of state law when engaged in the alleged misconduct, a civil rights claim under section 1983 fails as a matter of jurisdiction, Polk County v. Dodson, 454 U.S. 312, 315 (1981), and there is no need to determine whether a federal right has been violated. Rendell-Baker v. Kohn, 457 U.S. 830, 838 (1982). Accord American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (U.S.1999) ("Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of §1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful.") (citations and quotations omitted).

A review of the complaint clearly provides that this Court does not have subject matter jurisdiction over this action inasmuch as the Applegate Insulation, Inc., its owner, and employees are not state actors.

The Supreme Court has established a number of approaches to the question of when a private person acts under color of state law. Crissman v.

Dover Downs Entertainment, Inc., 289 F.3d 231, 239 (3d Cir.2002). "Some of the tests used, or factors considered, to determine state action include: whether the state has coerced or provided substantial encouragement for the action, whether there is a symbiotic relationship between the state and the private actor, whether the private actor exercises powers exclusively within the prerogative of the state, [and] whether there is a "sufficiently close nexus" between the state and a private actor." Smith v. Wambaugh, 29 F.Supp.2d 222, 226 (M.D.Pa.1998) (McClure, J.) (citations omitted), aff'd, 189 F.3d 464 (3d Cir.1999). Further, "a private party may be liable under §1983 when (1) the party actually participates with state officials in an activity which is constitutionally prohibited, or (2) the private party conspires with state officials to violate the constitution." Id. at 227. See also Dennis v. Sparks, 449 U.S. 24, 27–28 (1980) ("Private persons, jointly engaged with state officials in the challenged action, are acting 'under color' of law for purposes of §1983 actions."); Abbott v. Latshaw, 164 F.3d 141, 147–48 (3d Cir. 1988) ("[A] private party who willfully participates in a joint conspiracy with state officials to deprive a person of a constitutional right acts "under color of state law" for purposes of §1983."). "[S]tate action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly

5

private behavior 'may be fairly treated as that of the State itself.'" Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001) (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

The Plaintiff, however, fails to allege any state action on the part of the named Defendants. As a private company, Defendant Applegate Insulation, Inc., and its employees, do not act under color of state law; and there are no allegations in the complaint from which it can reasonably be inferred that these Defendants conspired with any state actors. Consequently, all named Defendants are clearly entitled to an entry of dismissal. See Conway v. King Pharmaceuticals, Inc., 2008 WL 4128088, * 1 (M.D.Pa.) (A private company is not an appropriate defendant in a §1983 civil rights action because it is not acting under color of state law.) (citations omitted); Jacobowitz v. M & T Mortgage Corporation, 372 Fed. Appx. at 227 (M & T Mortgage Corporation was not a state agency).

Since the plaintiff's complaint is "based on an indisputably meritless legal theory," it will be dismissed, without prejudice, as legally frivolous. Wilson vs. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Under the circumstances, the court is confident that service of process is not only unwarranted, but would waste the

increasingly scarce judicial resources that §1915 is designed to preserve. See Roman vs. Jeffes, 904 F.2d 192, 195 n.3 (3d Cir. 1990). A separate Order will be issued.

s/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

Dated: February 22, 2013
O:\Mannion\shared\MEMORANDA - DJ\2013 MEMORANDA\13-0309-01.wpd

7